UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DASHONE REYNOLDS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1504** |
| **JAMES LEBLANC, ET AL.** | **SECTION: "E"(5)** |

### ORDER AND REASONS

Pro se plaintiff, Dashone Reynolds, is a prisoner currently incarcerated at the B.B. (Sixty) Rayburn Correctional Center in Angie, Louisiana. He filed the above-captioned 42 U.S.C. § 1983 complaint against the Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, and Warden Travis Day, alleging unsanitary conditions and inadequate medical care. (Rec. docs. 1, 3, Complaint). He requests monetary relief. With his complaint, he submitted a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Rec. doc. 4).

A review of his complaint, pauper application and the court's records show that Reynolds falsely alleged that he had not filed any lawsuit or appeal in any federal district court or appeals court which had been dismissed as frivolous. (Rec. doc. 3, p. 2 Section I (C)). In fact, Reynolds is a prolific filer of frivolous lawsuits in the federal courts and is barred from proceeding *in forma pauperis* on civil complaints.

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, now codified in part at 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to 28 U.S.C. § 1915 if he has,

on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it was frivolous, malicious, or failed to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury. The Court's records establish that Reynolds has filed numerous 42 U.S.C. § 1983 complaints, at least three of which were dismissed as frivolous and/or for failure to state a claim, including, but not limited to, the following: *Reynolds v. District Attorney Office*, Civ. Action No. 21-1614, 2022 WL 556048 (E.D. La. Jan. 18, 2022), *adopted*, 2022 WL 539294 (E.D. La. Feb. 23, 2022); *Reynolds v. Orleans Parish Sheriff's Office, et al.*, Civ. Action No. 21-1615, 2022 WL 989425 (E.D. La. Mar. 3, 2022), *adopted*, 2022 WL 972287 (E.D. La. Mar. 31, 2022); *Reynolds v. Criminal District Court Orleans Parish, et al.*, Civ. Action No. 22-1009, 2022 WL 4391517 (E.D. La. May 19, 2022), *adopted*, 2022 WL 4379523 (E.D. La. Sept. 22, 2022); *Reynolds v. DeLarge*, Civ. Action No. 22-1421, 2022 WL 3587840 (E.D. La. July 11, 2022), *adopted*, 2022 WL 3579420 (E.D. La. Aug. 19, 2022).[1] He has therefore accumulated three "strikes" under the PLRA, and may not proceed as a pauper in this action unless he satisfies the "imminent danger" exception of § 1915(g), for prisoners "under imminent danger of serious physical injury." His complaint allegations do not satisfy the exception. Thus, based on Reynolds'

---

[1] Reynolds repeatedly has been denied pauper status in other civil actions filed here because he has three strikes under the PLRA. *See*, *e.g.*, *Reynolds v. Deputy Johnathan Charles*, Civ. Action 22-2319 "I"(3) (E.D. La. Sep. 2022) (denying motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g)).

extensive history of baseless litigation and failure to satisfy the exception to the three-strikes rule, he is not entitled to proceed *in forma pauperis* pursuant to the provisions of the Prison Litigation Reform Act.

Accordingly, **IT IS ORDERED** that Reynolds' motion for leave to proceed *in forma pauperis* (Rec. doc. 4) is **DENIED** pursuant to 28 U.S.C. § 1915(g).

New Orleans, Louisiana, this __8th__ day of July, 2024.

                                            **MICHAEL B. NORTH**
                                   **UNITED STATES MAGISTRATE JUDGE**